Julius Heleand, J.
Defendant moves for an inspection of the Grand Jury minutes or, in the alternative, for a dismissal of the indictment. His principal contention is that the circumstances under which he was identified by the complainant were violative of his constitutional rights as delineated in United States v. Wade (388 U. S. 218); that, absent a “legal” identification, the indictment is invalid and should be dismissed.
The contention is without merit. Assuming, without deciding, that the original identification was indeed ‘ ‘ tainted ’ ’ within the purview of the rule laid down in United States v. Wade (supra) and Gilbert v. California (388 U. S. 263), this would only render it inadmissible in evidence at the trial. It would not necessarily bar a courtroom identification if the People were able at a hearing, pretrial, to establish by clear and convincing evidence that it was of “ independent origin ”, based only on the percipient’s observation of defendant and in no way founded on the earlier tainted one (People v. Ballott, 20 N Y 2d 600; People v. Brown, 20 N Y 2d 238; People v. Hill, 22 N Y 2d 686). Such a hearing is the proper method'to raise and litigate these questions; the present motion is not.
People v. Gentile (20 A D 2d 412) is analogous. There a motion to inspect the- Grand Jury minutes or, alternatively, to dismiss the indictment, was based upon alleged deficiencies in a search warrant, and, as a consequence, upon the invalidity of the indictment. The Appellate Division reversed an order granting defendant’s motion, stating in part (pp. 413-414) that:
“A motion to inspect the Grand Jury minutes or, alternatively, to dismiss the indictment, as occurred here, is not the appropriate vehicle to test the constitutionality of a search and seizure, or to determine if the Fourth Amendment to the Constitution of the United States has been violated ¿citing cases], A hearing should be held on the issues and the parties afforded the opportunity to support their respective contentions. The legality of the search and seizure as to law and fact should then be determined by the court * * *
“ If it be considered for the purposes of discussion only, and we do not now so hold, that the warrant was either defective or improperly executed, or both * * * there is no conclu-sive presumption arising solely from that fact, that the only *25 evidence before the Grand Jury was illegal evidence, or evidence insufficient to sustain the indictment.”
In the present ease, a reading of the minutes discloses that sufficient legal evidence was adduced before the Grand Jury to warrant the finding of the indictment. The motion is denied. Submit order.